IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT LAURENSON,** | : | CIVIL NO. 3:15-CV-0716 |
| Petitioner | : | |
| v. | : | (Judge Munley) |
| | : | |
| **VINCENT MOONEY, PA STATE** | : | |
| **ATTORNEY GENERAL,** | : | |
| Respondents: | | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### MEMORANDUM

Petitioner Robert Laurenson ("Laurenson" or "Petitioner") a state inmate currently incarcerated at the State Correctional Institution at Coal Township, Pennsylvania, filed the instant petition (Doc. 1) for writ of habeas corpus pursuant to 28 U.S.C. § 2254, contending that the Pennsylvania Board of Probation and Parole ("the Board") violated his ex post facto rights. At issue is a decision a February 12, 2008 decision the Board to conditionally grant him parole to a Community Corrections Residency, and a May 28, 2009 Board decision modifying and adding special conditions to the February 12, 2008 decision.

The petition is ripe for disposition and, for the reasons set forth below, will be dismissed for failure to exhaust state court remedies.

**I.    Background**

On December 21, 1981, Laurenson was sentenced to a total sentence of twenty-one to forty-two years of imprisonment, which correlates to a minimum sentence date of February 20, 2002, and a maximum date of February 20, 2023, for two counts of

Burglary, two counts of Rape, Involuntary Sexual Deviate Intercourse, and simple assault stemming from the rapes of two different women in 1980 and 1981. (Doc. 8-1, p. 3, ¶¶ 6-8). On February 12, 2008, the Board provided Laurenson an "unexecuted conditional grant of parole to a Community Residency." (Id. at p. 3, ¶ 9; pp. 15-17). On May 28, 2009, the Board modified the February 12, 2008 Order to include the following special conditions: (1) parole to a specialized Community Corrections Center (CCC) far away from Lycoming County and its surrounding counties; (2) electronic monitoring after release from specialized CCC; and (3) a ban on entry to Lycoming County and its surrounding counties. (Id. at pp.3-4, ¶ 10, p. 20).

Parole staff at the State Correctional Institution at Camp Hill ("SCI-Camp Hill"), corresponded with the Pennsylvania Department of Corrections (DOC), Bureau of Community Corrections ("BCC"), requesting placement of Laurenson at Harrisburg CCC following approval of a home plan. (Id. at 11). On November 4, 2009, BCC rejected the placement due to the absence of an approved home plan. (Id. at 12).

On November 4, 2010, Laurenson submitted a proposed home plan to live with Bishop Jack Wisor in Brockway, Pennsylvania. (Id. at 13). The plan was rejected by the Board's Altoona District Office due to deplorable housing conditions and because the proposed location proved to be a homeless outreach ministry, not a homeless shelter or contract facility. (Id. at 14).

On April 6, 2014, Laurenson submitted a proposed home plan to live with his niece in Elmira Heights, New York. (Id. at 15). The plan was rejected by the Interstate

Parole Services Division.  (Id. at 16).

It appears that the most recent request for placement in a CCC was submitted on June 2, 2015.  (Id. at 17).

Laurenson filed the instant petition on April 13, 2015, stating "Petitioner has been incarcerated for 34 years on a 21 to 42 year sentence, even though he was granted parole on February 12, 2008.  Petitioner feels like his sentence is being altered, and the 3rd. Circuit Court of Appeals ruled in February that adopting a new release standard midway through someone's sentence violated the Constitution's prohibition on ex-post-facto punishment."  (Doc. 1 p. 5).  He states that he did not exhaust state remedies "[b]ecause as far as [he] knows, there is no State Court remedy that applies to these Constitutional violations."  (Id.)  He further states that "this issue hasn't been raised yet at all in any court."  (Id. at 12).

**II.   Discussion**

Respondents seek dismissal of the petition based on Laurenson's failure to exhaust the remedies available to him in the state courts.  This Court agrees that dismissal for failure to exhaust state court remedies is warranted.

Petitioner must satisfy the standards set for by 28 U.S.C. § 2254, which states in part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a . . . Court only on the ground that he is in custody in violation of the Constitution or laws or treaties if the United States.

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a . . . court shall not be granted unless it appears that—
>
>> (A) the applicant has exhausted the remedies available [to the petitioner];
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available [to the petitioner].

28 U.S.C. § 2254(a) and (b). In instances where a prisoner has failed to exhaust the legal remedies available to him in the state courts, federal courts typically will refuse to entertain a petition for habeas corpus. 28 U.S.C. § 2254(b); see Whitney v. Horn, 280 F.3d 240, 250 (3d Cir. 2002).

"[P]arole decisions in Pennsylvania are generally not subject to judicial review unless the petitioner asserts a constitutional challenge to the denial of parole or seeks a writ of mandamus to compel the Parole Board to exercise its discretion. See Coady v. Vaughn, 564 Pa. 604, 770 A.2d 287, 290 (2001) ("Where . . . discretionary actions and criteria are not being contested . . . an action for mandamus remains viable as a means for examining whether statutory requirements have been altered in a manner that violates the Ex Post Facto Clause . . . Absent a change in the statutes governing parole, however, denial of parole would generally constitute a discretionary matter that is not subject to review.")." Richardson v. Pennsylvania Bd. of Prob. & Parole, 423 F.3d 282, 285 (3d Cir. 2005). A claim that the Board violated his ex post facto rights when it denied him parole is cognizable in state court, beginning with a petition for writ of mandamus in the

original jurisdiction of the Commonwealth Court and then followed by an appeal to the Pennsylvania Supreme Court.  Parker v. Kelchner, 429 F.3d 58, 61-64 (3d Cir. 2005); Defov v. McCullough, 393 F.3d 439 (3d Cir. 2005); Cimaszewski v. Pa. Bd. of Prob. and Parole, 868 A.2d 416 (Pa. 2005).  Further, as pointed out by Respondents, the Commonwealth Court entertains claims challenging the Board's failure to release an inmate who has been provided an unexecuted conditional grant of parole.  See Nieves v. Pennsylvania Board of Probation and Parole, 995 A.2d 412 (Pa. Cmwlth. 2010).

Respondents contend that Laurenson has not pursued or completed these required steps.  Laurenson concedes, on the face of the petition, that he has not pursued any state court remedies with regard to his ex post facto claim.  Accordingly, this Court must conclude that the petition is subject to dismissal for failure to exhaust available state court remedies.

Moreover, the claim is procedurally defaulted for the purposes of federal habeas review as the time for filing a petition for review with the Commonwealth Court has expired.  See PA. R.A.P. 903(a) (stating that notice of appeal shall be filed within thirty (30) days after the entry of the order from which the appeal is taken).  See also, Coleman v. Thompson, 501 U.S. 722, 735 n. 1 (1991); Lines v. Larkins, 208 F.3d 153, 16069 (3d Cir. 2000); Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000).  "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the

alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 724.  To demonstrate cause, the petitioner must show that some objective external factor impeded his efforts to comply with the state's procedural rule.  Murray v. Carrier, 477 U.S. 478, 488 (1986).  "Prejudice" will be satisfied if the habeas petition shows that the outcome was "unreliable or fundamentally unfair" as a result of a violation of federal law. Lockhart v. Fretwell, 506 U.S. 364, 366 (1993).  In order to demonstrate a fundamental miscarriage of justice, a petitioner must show that he is actually innocent of the crime by presenting new evidence of innocence.  Schlup v. Delo, 513 U.S. 298 (1995); Keller v. Larkins, 251 F.3d 408, 415 (3d Cir. 2011).

Laurenson has not alleged cause or prejudice.  Nor has he demonstrated his actual innocence such that a lack of review by the court will constitute a fundamental miscarriage of justice.  Accordingly, his challenge to the decision of the Board must be rejected on the ground that he failed to pursue those issues in the state courts and has not established appropriate grounds for this Court to consider his claims in the first instance. Consequently, the petition will be dismissed for failure to exhaust state court remedies.

**III.    Certificate of Appealability**

28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Applying that standard here, jurists of reason would not find debatable the Court's procedural ruling.  Accordingly, a certificate of appealability will not issue.

**IV.    Conclusion**

Based on the foregoing, the petition for writ of habeas corpus will be dismissed for failure to exhaust state court remedies.

An appropriate Order will issue.

**BY THE COURT:**

**s/James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**